UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES POTTS,

    Movant,

v.

Case No. 1:15-CV-192

HON. GORDON J. QUIST

UNITED STATES OF AMERICA,

    Respondent.

_____/

**O P I N I O N**

This matter comes before the Court on Movant James Potts' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1), motion for leave to proceed *in forma pauperis* (ECF No. 2), and motion for an evidentiary hearing (ECF No. 11). On October 16, 2015, the Government filed a response in opposition. (ECF No. 16.) On November 18, 2015, Movant filed a reply. (ECF No. 19.) The Court has reviewed the merits of his claims. For the reasons that follow, these motions are denied.

**I.**

On February 8, 2013, a grand jury indicted Movant on charges of engaging in a racketeering conspiracy, large-scale distribution of cocaine and marijuana, possession with intent to distribute the same, and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a), 846, and 18 U.S.C. § 2. Along with Count 1 were special sentencing allegations, alleging that Movant aided and abetted the commission of an assault with intent to commit murder of Devin Ruff, in violation of Michigan law and 18 U.S.C. § 1959(a). On September 26, 2013, Movant signed a plea agreement, and on

October 8, 2013, Movant pleaded guilty to Count 1 of the fourth superseding indictment. Movant's counsel filed a notice of appeal on February 23, 2014 (ECF No. 935), but Movant signed a letter on April 24, 2014, requesting permission to withdraw his appeal because he did not wish to proceed (ECF No. 12-1, PageID.93).

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). An

ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

### III.

#### A. Ineffective Assistance of Counsel Claims

Movant raises several claims of ineffective assistance of counsel in his § 2255 motion. In his reply brief, Movant asks the Court to disregard his allegations relating to counsel's failure to pursue an appeal. (ECF No. 19, PageID.168.) Movant argues that, for his remaining claims, counsel failed to object during the sentencing hearing, failed to review all of the factual and legal mitigation evidence in anticipation of sentence, and failed to properly address the Court regarding Movant's prior state-court conviction, which resulted in Movant receiving an extra 12 months on his sentence.

There is a two-prong test to evaluate claims of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A defendant must prove that (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within a wide range of professional assistance." *Id.* at 689. This two-part test applies to guilty plea challenges based on ineffective assistance of counsel. "In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence[.]" *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). "The second, or 'prejudice' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* "In other words, in order to satisfy the

'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* Movant bears the burden of proof for each prong, and the Court may dismiss a claim of ineffective assistance if he fails to carry his burden of proof on either element. *Strickland*, 466 U.S. at 687, 697.

First, Movant raises an ineffective assistance of counsel claim for counsel's failure to dispute sentencing factors, including not objecting to the Government's failure to disclose the probation officer's statement that Movant neither brandished a weapon nor assaulted the victim with a weapon and not objecting to double jeopardy. Although counsel did not object to the Government's lack of disclosure of the probation officer's statement, counsel filed an objection to the application of the dangerous-weapon enhancement (*United States v. Potts*, No. 1:12-cr-132, ECF No. 925) and argued such at the sentencing hearing (*id.* at ECF No. 937, PageID.7770-76). Even the Government admitted that Movant did not possess the weapon, but argued that the enhancement should apply because Movant took part in a gang-sanctioned assault where a weapon was used. (*United States v. Potts*, No. 1:12-cr-132, ECF No. 937, PageID.7773.) The Court was aware that Movant did not brandish a weapon or use a weapon during the assault. It considered that fact, but applied the enhancement because Movant was involved in a gang and had reason to know that there would be a weapon involved in the assault. (*Id.* at PageID.7778-79.) As such, Movant has not shown deficient performance because his attorney objected to the enhancement and argued the fact that Movant did not have a weapon to the Court. Counsel made the underlying substantive argument, he just did not introduce the probation officer's statement while doing so. Further, Movant has not shown prejudice because the Court already considered this fact when determining whether to apply the enhancement. Thus, the probation officer's statement would not have changed the Court's application of the enhancement.

4

Similarly, Movant argues that the Court unconstitutionally increased his sentence based on facts not admitted by him or found by a jury.[1] A defendant's Sixth Amendment rights are not violated when a court increases his guideline range by finding facts that were not found by a jury. *See United States v. Booker*, 543 U.S. 220, 245-26 (2005); *United States v. Smith*, 749 F.3d 465, 487 (6th Cir. 2014); *United States v. Lawrence*, 308 F.3d 623, 634 (6th Cir. 2002) ("*Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] by its terms applies only where the finding 'increases the penalty for a crime beyond the prescribed *statutory* maximum' 530 U.S. at 490 (emphasis added), and we have squarely held that *Apprendi* does not apply to the Guidelines.") (citing *United States v. Garcia*, 252 F.3d 838, 843 (6th Cir. 2001)). During the sentencing hearing, the Court found facts that changed Movant's advisory guideline range, but it did not change the statutory maximum nor was there a mandatory minimum present. The Court did not unconstitutionally increase Movant's sentence. Therefore, counsel did not provide deficient performance for failing to make a frivolous objection. *See Lockhart v. Fretwell*, 506 U.S. 364, 382 (1993) ("[I]effective-assistance claims predicated on failure to make wholly frivolous or unethical arguments will generally be dispensed with under *Strickland*'s first prong[.]").

Movant also argues that the Court's consideration of the assault during sentencing violates his right against double jeopardy.[2] Movant pleaded guilty to assault in state court and pleaded guilty to racketeering in federal court. Movant was not subjected to multiple prosecutions or punishments. Rather, Movant pleaded guilty to a different crime in state court than he did in federal court.

---

[1] It appears that Movant is raising an ineffective assistance of counsel claim for counsel's failure to object to this.

[2] It again appears that Movant is raising an ineffective assistance of counsel claim for counsel's failure to object to this.

Although the Court found facts relating to Movant's involvement in the assault, which increased his advisory guidelines range, this does not violate double jeopardy. *See United States v. Louisville Edible Oil Prods., Inc.*, 926 F.2d 584, 587 (6th Cir. 1991) ("The dual sovereignty doctrine holds that the double jeopardy clause 'does not apply to suits by separate sovereigns, even if both are criminal suits for the same offense.'") (citing *United States v. A Parcel of Land, Etc.*, 884 F.2d 41, 43 (1st Cir. 1989)). Again, counsel did not provide deficient performance for failing to make a frivolous objection.

In addition, Movant argues that, although counsel addressed Movant's prior state conviction for aggravated assault, he was ineffective for two related reasons. First, Movant contends that counsel should have investigated the prior assault to be sure that the Bureau of Prisons would not credit Movant for his time served. Second, Movant asserts that counsel should have reviewed the Sentencing Guidelines, specifically, U.S.S.G. §§ 5K2.23 and 5G1.3. Movant argues that if counsel had properly addressed the Court by referring to these Guidelines, he would have received credit for the 12 months previously served for the state court conviction.

Prior to the sentencing hearing, Movant's counsel filed a sentencing memorandum. (*United States v. Potts*, No. 1:12-cr-132, ECF No. 925.) In the sentencing memorandum, counsel objected to the 4-level enhancement for use of a dangerous weapon in the assault and to more than minimal planning under U.S.S.G. § 2A2.2(b)(1). (*Id.* at PageID.7290-7292.) He also argued that Movant pleaded guilty to the aggravated assault to receive a good plea bargain and had already served a year in county jail. (*Id.*) On numerous occasions, counsel informed the Court that Movant had previously served time in jail, and the Court exercised its discretion not to give credit for time served. (*Id.* at PageID.7787-88, PageID.7793.) Further, U.S.S.G. § 5G1.3 does not apply where a defendant has completed his sentence by the time of the second sentencing. *United States v. Yahne*,

64 F.3d 1091, 1096-97 (7th Cir. 1995) (collecting cases). Thus, Movant has not shown deficient performance or prejudice, and this ineffective assistance of counsel claim is without merit.

Finally, Movant argues that counsel lied to him numerous times. Movant does not provide any evidence to support such a claim. Indeed, the record shows that Movant was satisfied with counsel's representation and thought that counsel had "done a good job." (*United States v. Potts*, No. 1:12-cr-132, ECF No. 818, PageID.5149.) Further, counsel's affidavit avers that he gave Movant accurate, sound legal advice throughout his representation of Movant. (ECF No. 13, PageID.115.) Thus, Movant's claim is unsubstantiated and meritless.

### B. Other Claims

Movant's petition also raises several other claims for relief unrelated to ineffective assistance of counsel. Movant did not raise any of these claims on appeal, and he has not shown cause and prejudice[3] or asserted that he is actually innocent to bypass procedural default. Therefore, these claims are procedurally defaulted and the Court will not consider them.

### IV.

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon him by this Court will be denied. Because the Court finds that the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), no evidentiary hearing is required. Thus, the Court will deny Movant's request for an evidentiary hearing.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Movant "must demonstrate that

---

[3] In fact, Movant admitted that his claims relating to his counsel's ineffective assistance to pursue an appeal were frivolous, and asked the Court to disregard any such claims. (ECF No. 19, PageID.168.) Therefore, he cannot show cause and prejudice as to why these claims were not raised on direct appeal.

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted." *Id.* at 467. Because Movant cannot make a substantial showing of the denial of a federal constitutional right with respect to any of his claims, a certificate of appealability will be denied.

      A judgment and order will enter in accordance with this opinion.


Dated: March 9, 2017                                                   /s/ Gordon J. Quist
                                                                               GORDON J. QUIST
                                                             UNITED STATES DISTRICT JUDGE